**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSE INES PULIDO,** | § | |
| **TDCJ No. 1397579,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-09-CV-462-KC** |
| | § | |
| **RICK THALER,**[1] | § | |
| **Director, Texas Department of** | § | |
| **Criminal Justice, Correctional** | § | |
| **Institutions Division,** | § | |
| **Respondent.** | § | |

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Petitioner Jose Ines Pulido's ("Pulido") *pro se* petition for a writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254 [ECF No. 1].[2] In his petition, Pulido challenges Respondent Rick Thaler's ("Thaler") custody of him pursuant to a state-court conviction and thirty-five-year sentence for murdering his wife.[3] Mindful of Pulido's *pro se* status, the Court has liberally read his petition and understands him to assert two grounds for relief.[4] First, he claims the police interviewed him before advising him of his *Miranda* rights.[5]

---

1 Petitioner originally named Nathaniel Quarterman as the Respondent. Rick Thaler succeeded Quarterman as the Director on July 15, 2009. Under Federal Rule of Civil Procedure 25(d)(1), Thaler is automatically substituted as the Respondent.

2 "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-09-CV-462-KC.

3 *State v. Pulido*, No. 20040D04329 (243rd Dist. Ct., El Paso County, Tex. Aug. 11, 2006); *Pulido v. State*, 08-06-00229-CR, 2008 WL 3125832 (Tex. App.-El Paso 2008, pet. dism'd).

4 *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a *pro se* pleading to encompass any allegation which may raise a claim for federal relief).

5 *Miranda v. Arizona*, 384 U.S. 436 (1966).

Second, he asserts his trial counsel provided ineffective assistance during the punishment phase of his trial. In his answer [ECF No. 7], Thaler argues that "Pulido's voluntary and knowing guilty plea waived his claims regarding any *Miranda* violations."[6] He also asserts that "because Pulido has failed to demonstrate any deficiency of his counsel or shown prejudice with respect to any possible deficiency, Pulido's claim that his trial attorney was ineffective must be dismissed."[7]

On January 27, 2011, the United States Magistrate Judge to whom this matter was referred issued a report and recommendation [ECF No. 19].[8] In the report, the Magistrate Judge reviewed the record and concluded that the Court should deny the petition. She explained that "[b]ecause the Texas courts allowed Pulido to challenge his confession on appeal and because they addressed the merits of Pulido's claim, this court cannot refrain from exercising its habeas power."[9] However, "[b]ecause there was no evidence causally connecting the confession to any government misconduct, no basis exists to conclude that Pulido's statement was given involuntarily."[10] Accordingly, Pulido "has failed to establish that the 'state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing

---

6 Answer 17-18 (citing *Brown v. Butler*, 811 F.2d 938, 940 (5th Cir. 1987)).

7 *Id*. at 26 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993)).

8 *See* 28 U.S.C.A § 636(b)(1)(B) (West 2011) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation); 28 U.S.C.A. § 2254 PROC. R. 8(b) (West 2011) ("A judge may, under 28 U.S.C. § 636(b), refer the motion to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition.").

9 Report and Recommendation 9-10 (citing *Lefkowitz v. Newsome*, 420 U.S. 283, 292 n.9 (1975); *Stanley v. Wainwright*, 604 F.2d 379, 380 n.1 (5th Cir. 1979); *Moran v. Estelle*, 607 F.2d 140, 1143-43 (5th Cir. 1979)).

10 *Id*. at 21.

law beyond any possibility for fairminded disagreement.'"[11] Moreover, the Magistrate Judge concluded that the Court should deny Pulido's challenges to his counsel's performance because he "has failed to establish that the state court's denial of these claims was contrary to or an unreasonable application of clearly established federal law and . . . Pulido has failed to overcome the presumption of correctness with respect to . . . the implied findings of the state habeas court."[12]

The Magistrate Judge gave Pulido fourteen days to file written objections to the proposed findings, conclusions, and recommendations.[13] A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects.[14] As to other portions of the report or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law"

---

[11] *Id.* at 22 (quoting *Harrington v. Richter*, -- U.S. --, --, 131 S.Ct. 770, 786-87 (2011)).

[12] *Id.* at 29 (citing 28 U.S.C. § 2254(d)(1)-(2) (West 2011)).

[13] *See* 28 U.S.C.A. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[14] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

standard of review.[15] After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[16]

Pulido makes two objections to the Magistrate Judge's report [ECF No. 27]. First, he claims the opinion of the Court of Appeals for the Eighth District of Texas affirming the trial court's judgment shows that he was under the influence of medication, "not aware of anything," and "more unconscious than conscious" when the police took his statement.[17] Thus, he argues, his statement was involuntary. Second, he contends for the first time "that but for his attorney's deficiencies he would have not accepted the [plea] offer but would have insisted on going to trial."[18]

The Magistrate Judge thoroughly addressed Pulido's first objection. The Magistrate Judge noted that Pulido attacked the voluntariness of his confession in the trial court and in a

---

15 *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

16 *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); FED. R. CIV. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

17 Objections 3, 4; *but see Pulido*, 2008 WL 3125832 at *6 ("This type of behavior shows enough physical and mental capacity to give an informed and voluntary statement and provided sufficient evidence for the trial judge to disbelieve Appellant's testimony. In the absence of excessive police coercion or other evidence showing that Appellant did not make the statement of his own free will, the judge and jury were well within their respective rights to disbelieve his testimony regarding inaccuracies in the written statement and to disbelieve the defense expert as to the effects of the medicine which was administered to Appellant in the hospital. This is especially true since the defense expert's testimony was speculative, in that she testified about the medications' 'possibly' having had the debilitating effect. For the reasons stated above, we find that the judge did not abuse his discretion in admitting the confession and that the jury did not err in considering it.").

18 *Id*. at 5.

direct appeal to the Eighth Court of Appeals, but both courts rejected his claim.[19] Further, Pulido raised the same issue in his state writ application, but the Texas Court of Criminal Appeals denied him relief without written findings.[20] Finally, the Magistrate Judge explained that "[b]ecause there was no evidence causally connecting the confession to any government misconduct, no basis exist[ed] to conclude that Pulido's statement was given involuntarily."[21] Accordingly, the Magistrate Judge correctly concluded that Pulido could not show that the state courts' rulings on the claim were "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement,"[22] and that he was not entitled to relief on this claim. The Court will, therefore, overrule his first objection.

The Magistrate Judge did not address the claim asserted in Pulido's second objection because he failed to raise it in his petition. Moreover, Pulido did not present this claim in his state writ application.[23] Before seeking federal habeas relief, a petitioner must generally exhaust his state remedies by fairly presenting his claims to the highest state court.[24] Where a petitioner

---

[19] Report and Recommendation 10.

[20] *Id.*

[21] Report and Recommendation 21.

[22] *Harrington*, -- U.S. at --, 131 S.Ct. at 786-87.

[23] Pulido raised two grounds for relief in his state writ application. *See Ex parte Pulido*, WR-72,854-01 (Tex. Crim. App. Oct. 21, 2009). First, he asserted "[t]he custodial statement complained of was taken in violation of Applicant's U.S. Constitutional Rights (5th & 14th Amendments; to wit, his "Miranda rights"), and the statement was taken in violation of [A]pplicant's State Statutory rights, CRIMINAL CODE OF PROCEDURE art. 38.22 §2(a) & (b)." State Habeas R. 39. Next, he maintained "Applicant was denied the effective assistance of Counsel during the punishment phase of his Trial." State Habeas R. 48.

[24] *See* 28 U.S.C.A. § 2254(b)(1) (West 2011) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that– (A) the applicant has exhausted the remedies available in the courts of the State."); *Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001); *Wilder v. Cockrell*, 274 F.3d 255,

fails to exhaust his state remedies, but it is clear that the state court to which he would return to exhaust the claim would find the claim procedurally barred, the claim is procedurally defaulted for purposes of federal habeas corpus relief.[25] In order to receive federal habeas review of a procedurally defaulted claim, a petitioner must demonstrate "'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'"[26] A fundamental miscarriage of justice occurs when a "'constitutional violation has probably resulted in the conviction of one who is actually innocent.'"[27] Pulido has failed to exhaust his state remedies with regard to this claim. He has also not shown cause for his default or that the failure to consider his claim will result in a fundamental miscarriage of justice. The Court will, therefore, overrule his second objection.

Additionally, the Court will deny Pulido a certificate of appealability. A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[28] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[29] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review

---

259 (5th Cir. 2001); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004).

25 *See* 28 U.S.C.A. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that– (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."); *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

26 *Coleman*, 501 U.S. at 749-50 (internal citations omitted).

27 *Sawyer v. Whitley*, 945 F.2d 812, 816 (5th Cir. 1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

28 28 U.S.C.A. § 2253(c)(1)(B) (West 2011).

29 *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

solely to those issues on which a certificate of appealability is granted.[30] Although Pulido has not yet filed a notice of appeal, the Court nonetheless must address whether he is entitled to a certificate of appealability.[31]

A judge or circuit justice may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."[32] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[33] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[34] Here, Pulido is not entitled to a certificate of appealability because reasonable jurists would agree that the assessment of his claims is neither debatable nor wrong. Accordingly, the Court finds that it should deny Pulido a certificate of appealability.

Therefore, after due consideration, the Court enters the following orders:

---

30 *See* 28 U.S.C.A. § 2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *see also Lackey*, 116 F.3d at 151 (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *but see United States v. Kimler*, 150 F.3d 429, 431 & n.1 (5th Cir. 1998) (explaining that the Fifth Circuit may address an issue not certified by the district court if the movant makes (1) an explicit request and (2) a substantial showing of the denial of a constitutional right).

31 *See* 28 U.S.C.A. § 2254 PROC. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

32 28 U.S.C.A. § 2253(c)(2).

33 *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

34 *Id*.

1. The Court **OVERRULES** Petitioner Jose Ines Pulido's objections to the Magistrate Judge's report and recommendation [ECF No. 27].

2. The Court **ACCEPTS** the Magistrate Judge's report and recommendation [ECF No. 19].

2. The Court **DENIES** Petitioner Jose Ines Pulido's *pro se* petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 [ECF No. 1] and **DISMISSES** his cause **WITH PREJUDICE**.

3. The Court **DENIES** Petitioner Jose Ines Pulido a **CERTIFICATE OF APPEALABILITY**.

4. The Court **DENIES** all pending motions, if any, as moot.

**SO ORDERED.**

**SIGNED** this 28th **day of March, 2011.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE